UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY BUFORD,

                Petitioner,        Case No. 15-14070
                                                Hon. Denise Page Hood

SHANE JACKSON,

                Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 9], (2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,  AND (3) DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

Roy Buford, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Recorder's Court for the City of Detroit conviction for second-degree murder, MICH. COMP. LAWS § 750.317, and commission of a felony with a firearm. MICH. COMP. LAWS § 750.227b.Petitioner was sentenced to 20-to-30 years' imprisonment for the murder conviction and a consecutive two years for the firearm conviction. The petition raises two claims: (1) the trial court erroneously instructed the jury regarding the verdict form, and (2) trial counsel was ineffective for failing to object to the jury instructions.

This matter is before the Court on Respondent's motion for summary judgment, filed on January 5, 2016, in which he asks the Court to dismiss the petition as untimely. [Dkt. 9]. Petitioner has not filed an answer to the motion. The Court will grant Respondent's motion for summary judgment and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d). The Court will also deny Petitioner a certificate of appealability and deny permission to proceed on appeal in forma pauperis.

## I. Background

After Petitioner was convicted and sentenced for the above described offenses he filed an appeal of right with the Michigan Court of Appeals. Petitioner's appellate brief raised three claims: (1) erroneous admission of a statement made by a witness to a police officer, (2) insufficient evidence presented at trial to sustain conviction, and (3) disproportionate sentence. On October 21, 1997, the Michigan Court of Appeals issued an unpublished opinion affirming Petitioner's convictions. *People v. Buford*, No. 195501, 1997 WL 33344004, *1 (Mich. Ct. App. Oct. 21, 1997). Petitioner did not file an application for leave to appeal with the Michigan Supreme Court.

About sixteen years later, on September 16, 2013, Petitioner filed a

motion for relief from judgment in the trial court. The motion raised what now form Petitioner's two habeas claims. The trial court denied this motion in an order dated December 17, 2013. Petitioner filed an application for leave to appeal this decision in the Michigan Court of Appeals. The application was denied by order dated July 2, 2014. *People v. Buford*, No. 321664 (Mich. Ct. App. July 2, 2104). Petitioner then applied for leave to appeal to the Michigan Supreme Court, but on April 28, 2015, that court issued an order denying him relief. *People v. Buford*, 861 N.W.2d 896 (Mich. 2015).

The habeas petition now before this Court was signed and dated by Petitioner on October 20, 2015.

## II. Discussion

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the

nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. Petitioner has not filed a response to Respondent's motion asserting that any other starting point applies, and no other starting point appears in the record. Petitioner's habeas claims all involve matters contained in the trial court record, and they are not based on any new provision of Supreme Court law.

Under section 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Court of Appeals denied Petitioner's direct appeal on October 21, 1997. Petitioner did not file an application for leave to appeal this decision in the Michigan Supreme Court. The statute of limitations therefore began running 56 days after the Court of Appeals decision, the time with which Petitioner had to file a direct appeal in the Michigan Supreme Court. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

Petitioner filed a motion for relief from judgment in the state trial court in 2013. But this was over a decade after the limitations period had already expired, so it did not act to toll or reset the limitations period. See *McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).

The petition is therefore time-barred unless Petition can demonstrate grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotation marks

omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner did not file an answer to Respondent's motion, nor does the petition itself offer any argument that he is entitled to equitable tolling. The most Petitioner could say is that he was personally unaware of the limitations period. But the fact that Petitioner is untrained in the law or may have been unaware of the manner in which the statute of limitations is calculated does not warrant tolling. See *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements).

The one year statute of limitations may also be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Shlup*, because Petitioner has presented no new, reliable evidence that he is actually innocent of the crimes charged. See *Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). In fact, his only claim

is that the sentencing guidelines were scored incorrectly.

Accordingly, the Court will grant Respondent's motion for summary judgment and dismiss the petition.

### III. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not debate the Court's procedural ruling. A certificate of appealability will therefore be denied. Leave to appeal

in forma pauperis is denied because an appeal of this order could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

### IV. Order

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **DENIED.**

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: September 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2016, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager